**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | |
|---|---|
| LEXMARK INTERNATIONAL, INC.,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSAL IMAGING INDUSTRIES, LLC,<br><br>Defendant. | Case No. 8:18-cv-01047-EAK-AEP |

## JOINT MOTION TO STAY PENDING *INTER PARTES* REVIEWS

Plaintiff, Lexmark International, Inc. ("Plaintiff") and Defendant, Universal Imaging Industries, LLC ("Defendant") jointly request the Court stay the above-captioned case pending the outcome of pending *Inter Partes* Reviews filed by Defendant with the Patent Trial and Appeal Board ("PTAB") on July 22, 2019 and July 23, 2019.

## INTRODUCTION

Plaintiff filed this lawsuit April 30, 2018, and Defendant agreed to a waiver of service. Plaintiff's Amended Complaint asserts a claim from each of U.S. Patent Nos. 9,335,698; 8,225,021; 8,386,657; 8,850,079; 9,245,591; 9,176,921; 9,400,764; 9,837,136; 8,966,193; and 7,844,786 ("the Patents-in-Suit") against Defendant. After numerous extensions while the parties attempted to reach a settlement, the parties participated in a meaningful case management conference on October 23, 2018. On July 22, 2019 and July 23, 2019, Defendant filed ten (10) IPRs challenging the validity of the claims of the Patents-in-Suit.

**ARGUMENT**

**A.** **Staying Patent Cases Pending IPR Promotes Efficiency.**

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO [administrative proceeding]." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). "In patent cases, a number of courts reason that such stays should be liberally granted when there is a pending administrative proceeding pending before the USPTO." *The Andersons, Inc. v. Enviro Granulation, LLC*, No. 8:13-cv-30040T033MAP, 2014 WL 405886, at *2 (M.D.Fla. Aug. 14, 2014) (citing *Automatic Manufacturing Systems, Inc. v. Primera Technology, Inc.*, No. 6:12–cv–1727–RBD–DAB, 2013 WL 1969247, at *1 (M.D.Fla. May 13, 2013)). "[T]he liberal policy towards stays ... arises due to the potential waste in using a court's time and energy when a USPTO decision could drastically alter the nature of the case." *Id.*

**B.** **All Factors Favor Granting A Stay Here.**

Courts consider the following factors in determining whether to stay a patent infringement case pending review of asserted patents: (1) whether the stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay will reduce the burden of litigation on the participants or the court." *The Andersons, Inc.*, 2014 WL 405886, at *2 (citing *Capriola Corp. v. Larose Indus.*, No. 8:12–cv–2346–T–23–TBM, 2013 WL 1868344, at *1 (M.D.Fla. March 11, 2013)). Courts also consider "whether discovery is complete and whether a trial date has been set." *The Andersons, Inc.*, 2014 WL 405886, at *2 (citing *Roblor Mktg. Grp., Inc. v. GPS Indus., Inc.*, 633 F.Supp.2d 1341, 1347 (M.D.Fla.2008)). Here, all factors strongly favor a stay, as explained below.

**1.       The Early Stage Of This Case Favors A Stay.**

"'A stay is particularly appropriate for cases in the initial stages of litigation or in which there has been little discovery.'" *The Andersons, Inc*., 2014 WL 405886, at \*3. Indeed, this Court has granted a stay where there were eight months left until the close of discovery. *Automatic Mfg. Sys., Inc. v. Primera Techs.,* Inc., No. 6:12-cv-1727-Orl-37DAB, 2013 WL 6133763, at \*4 (M.D. Fla. May 13, 2013).

Although filed a little over a year ago, this case is still in its infancy. Following a Case Management Report Filed October 26, 2019 [Dkt. 29], no claim construction or substantive briefing has taken place. The proposed claim constructions are not due until November 1, 2019, with the Opening Claim Construction Brief due December 2, 2019. Discovery to date has been sparse.   Lexmark has served a set of document production requests and two (2) third-party subpoenas.  Defendant has refused to produce documents responsive to the document production requests or subpoenas, seeking a stay in view of the IPR petitions.  No depositions have been scheduled or taken.   Expert discovery is still many months away.  Finally, the estimated Trial Term is not until February 2021.

With substantive discovery lying ahead, the parties have yet to expend significant resources, and this Court's precedent makes clear that this early stage of litigation weighs in favor of a stay. *See, e.g.*, *Patent Asset Licensing, LLC v. Bright House Networks, LLC,* Case No. 3:15-cv-742-J-32MCR, 2016 WL 4431574, at \*4 (M.D. Fla. Aug. 22, 2016) ("courts in this Circuit have stayed litigation even after ... a joint claim construction statement has been filed") (citations omitted); *Automatic Mfg. Sys., Inc.,* 2013 WL 6133763, at \*4 (M.D. Fla. May 13, 2013) (granting a stay where there were eight months left until the close of discovery).

**2.      A Stay While the *Inter Partes* Reviews Are Pending May Simplify The
Issues Or May Eliminate The Need For Further Litigation.**

If granted, the petitions may streamline this case. *See Patent Asset Licensing,* 2016 WL
4431574, at *3. For example, during the PTAB's review process, one or more of the asserted
claims could be amended or canceled.  Amendments to or cancellations of the current patent
claims could have an impact on issues in the litigation, such as claim construction, infringement,
and invalidity.   Alternatively, the validity of the patents may be confirmed by the PTAB, which
could also have an impact on issues in this litigation.

**3.      The Parties Will Suffer No Undue Prejudice From A Stay.**

The parties jointly move for a stay of this litigation pending resolution of the IPRs in
view of the fact that this case is in the early stages of this litigation, before much discovery has
been conducted, and before any claim construction or any summary judgment motions have been
filed.   Neither party will suffer prejudice from a stay.

**CONCLUSION**

For the foregoing reasons, the parties respectfully request the Court stay this litigation in
its entirety pending the final resolution of the ten (10) pending *Inter Partes* reviews for the
Patents-in-Suit.

Date: August 14, 2019

*/s/ Woodrow H Pollack*                                    */s/ Jason Shull*
Woodrow H. Pollack                                        David S. Johnson FBN 096423
Florida Bar No.: 2680                                     Bonnie C. Daboll FBN 730521
SHUTTS & BOWEN, LLP                                       Scott W. Anderson FBN 738311
4301 W Boy Scout Blvd                                     JOHNSON DABOLL ANDERSON, PLLC
Suite 300                                                 2011 W Cleveland Street, Suite F
Tampa, FL 33607                                           Tampa, FL 33606
(813) 463-4894                                            (813) 377-2499
(813) 227-8234 (facsimile)                                (813) 330-3156 (facsimile)

wpollack@shutts.com

Brian R. Gilchrist, FL Bar #774065
bgilchrist@allendyer.com
Ryan T. Santurri, FL Bar #15698
rsanturri@allendyer.com
ALLEN, DYER, DOPPELT +
GILCHRIST, PA Post Office Box 3791
Orlando FL 32802-3791
 (407) 841-2330
(407) 841-2343 (facsimile)

*Attorneys for Defendant*

djohnson@jdalegal.com
bdaboll@jdalegal.com
sanderson@jdalegal.com

Timothy C. Meece
Illinois Bar #6226967
Jason S. Shull
Illinois Bar #6273435
Michael Harris
Illinois Bar #6280168
Audra Eidem Heinze
Illinois Bar #6299717
BANNER & WITCOFF, LTD.
tmeece@bannerwitcoff.com
jshull@bannerwitcoff.com
mharris@bannerwitcoff.com
aheinze@bannerwitcoff.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 14, 2019 a true and correct copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent via e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Woodrow H Pollack*
Woodrow H. Pollack