UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEXMARK INTERNATIONAL INC.,

    Plaintiff,

v.                                                           Case No: 8:18-cv-01047-T-02AEP

UNIVERSAL IMAGING INDUSTRIES, LLC

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

    This matter comes to the Court following oral arguments on Defendant's Fed. R. Civ. P. 12(b)(6) Motion to Dismiss, Dkt. 56, Plaintiff's Amended Complaint, Dkt. 36, and Plaintiff's Response in Opposition, Dkt. 57. With the benefit of full briefing, the Court denies the Defendant's Motion to Dismiss.

### Background

    Plaintiff alleges against Defendant ten counts of patent infringement under 35 U.S.C. §271. Dkt. 36 at 24–42. Defendant challenges the validity of two of the ten patents, U.S. Patent Nos. 7,844,786 and 8,966,193, which underlie Plaintiff's Amended Complaint. Dkt. 56 at 5–6. Defendant additionally argues that Plaintiff's Amended Complaint fails to allege sufficient facts to state a plausible claim for

indirect or willful infringement and that Plaintiff's Amended Complaint is an impermissible shotgun pleading. *Id*. at 14–15.

## Legal Standard

To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In considering the motion, the Court must accept all factual allegations of the complaint as true and construe them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008) (citation omitted). Finally, the Court should limit its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (citations omitted).

## Discussion

Defendant first argues that U.S. Patent Nos. 7,844,786 and 8,966,193 are invalid and therefore incapable of serving as a basis for Plaintiff's Amended Complaint. Dkt. 56 at 4–5.

As a preliminary matter, this Court avoids resolving patent eligibility disputes at the motion to dismiss stage absent claim construction unless "there are no factual allegations that, taken as true, prevent resolving the eligibility question as a matter of law." *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d

1121, 1125 (Fed. Cir. 2018). Plaintiff states factual allegations which, taken as true, prevent the Court from resolving eligibility issues under 35 U.S.C. § 101 as a matter of law. Dkt. 36 at 10–24. Accordingly, dismissal is inappropriate on these grounds.

Even if the court were to consider patent eligibility, Plaintiff's patents are afforded a presumption of validity under 35 U.S.C. § 282. Any invalidity defense, such as the one here presented by Defendant, must be "proved by clear and convincing evidence." *Microsoft Corp. v. i4i Ltd. P'ship*, 564 U.S. 91, 95 (2011). Defendant has not carried this burden at this early stage. An extensive two-part *Alice* analysis is therefore unnecessary at this point. *See Alice Corp. Pty. v. CLS Bank Int'l*, 573 U.S. 208, 216 (2014).

Next, Defendant argues that Plaintiff fails to allege sufficient facts to state a plausible claim for indirect or willful infringement. Dkt. 56 at 14. Plaintiff's Amended Complaint expressly alleges that Defendant had knowledge of all of the relevant patents. Dkt. 36 at 27–29. Moreover, Plaintiff's Amended Complaint pled facts from which one could conclude that Defendant knew of Plaintiff's patents prior to the filing of this action. *Id.* at 17–19; *See, e.g., Lighting Science Group Corp. v. Cree, Inc.*, No. 6:13-cv-587-Orl-37GJK, 2013 WL 12155497, at *1 (M.D. Fla. July 22, 2013).

Finally, Plaintiff's pleading is not a shotgun pleading as alleged by Defendant's Motion to Dismiss. Under Fed. R. Civ. P. 10(c), it is permissible to incorporate background allegations into the counts of a complaint. Here, Plaintiff has done so without causing substantial confusion. *See Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001).

The Court therefore denies Defendant's Motion to Dismiss, Dkt. 56.

## Conclusion

The Court denies Defendant's Motion to Dismiss, Dkt. 56. The parties should submit a joint case management and discovery schedule no later than July 17, 2020. Any disagreements therein should be noted.

**DONE AND ORDERED** at Tampa, Florida, on July 6, 2020.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

COPIES FURNISHED TO:
Counsel of record