# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**LEXMARK INTERNATIONAL INC.**,

    Plaintiff,

v.   Case No. 8:18-cv-1047-WFJ-AEP

**UNIVERSAL IMAGING INDUSTRIES, LLC**,

    Defendant.

_____/

## ORDER

Before the Court are Plaintiff Lexmark International Inc.'s ("Lexmark") and Defendant Universal Imaging Industries, LLC's ("UII") *Daubert* Motions (Dkts. 238 & 237). Both parties have responded (Dkts. 258 & 252) and replied (Dkts. 267 & 268). Upon careful consideration, and with the benefit of able argument by both sides, the Court denies both Motions. The issues brought by the Motions may be renewed at trial.

## LEGAL STANDARD

"*Daubert* requires that trial courts act as 'gatekeepers' to ensure that speculative, unreliable expert testimony does not reach the jury." *McCorvey v. Baxter Healthcare Corp.*, 298 F.3d 1253, 1256 (11th Cir. 2002); *see also Daubert v.*

*Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993). In carrying out this role pursuant to Federal Rule of Evidence 702, trial courts consider whether:

> (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert;* and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

*United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004) (citations omitted). Notwithstanding the foregoing, "[t]he inquiry envisioned by Rule 702 is . . . a flexible one," *Daubert*, 509 U.S. at 595, and courts should not elevate themselves "to the role of St. Peter at the gates of heaven, performing a searching inquiry into the depth of an expert witness's soul—separating the saved from the damned." *Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1321 (11th Cir. 1999) (citations and internal quotations omitted). A strict inquiry of this nature "would inexorably lead to evaluating witness credibility and weight of the evidence, the ageless role of the jury." *Id.*

## DISCUSSION

The Court will address the parties' *Daubert* Motions in turn.

## I. UII's Motion

UII moves to exclude the opinions of Kimberly J. Shenk (Lexmark's damages expert) for three reasons: (1) "Ms. Schenk failed to apportion her damage opinions between the asserted patented features and all other features of the accused products as required by established law"; (2) "Ms. Schenk's efforts to apply the entire market value as an exception to apportionment is not supported by the facts of this case"; and (3) "Ms. Shenk['s] opinions on lost profits are inconsistent with the law to establish lost profits in that she does not take into account the differences between the two products being offered." Dkt. 237 at 2.

The Court finds these arguments unpersuasive. To begin with, depending on how the facts unfold, Ms. Shenk's lost profits analysis may properly incorporate apportionment principles. As the Court explained in its Summary Judgement Order, "a material issue of fact exists as to whether each of UII's sales directly caused Lexmark to lose a customer." Dkt. 286 at 52. And based on the record, a jury could reasonably find that there was demand for Lexmark's devices, that there were no non-infringing substitutes, that Lexmark had the capacity to satisfy demand, and that UII could not have sold its devices without the allegedly infringing features. Ms. Shenk's opinions, moreover, could also inform a jury concerning whether Lexmark established the amount of profit that it would have made if UII had not allegedly infringed. If Lexmark establishes these facts, Ms. Shenk's lost profits opinions

would properly incorporate apportionment principles regardless of whether the subject UII products contained non-patented features. *See Mentor Graphics Corp. v. EVE-USA, Inc.*, 851 F.3d 1275, 1288 (Fed. Cir. 2017) (finding that "*Panduit's* requirement that patentees prove demand for the product as a whole and the absence of non-infringing alternatives ties lost profit damages to specific claim limitations and ensures that damages are commensurate with the value of the patented features").[1] Her lost profits opinions are therefore not subject to being stricken under this motion.

Additionally, the Court finds no methodological issues with Ms. Shenk's analysis of the *Georgia-Pacific*[2] factors at this stage. Ms. Shenk specifically states that "the parties would base the starting point for their negotiations on three sets of quantitative indicators" which include "the portion of Lexmark's cartridge profit that can be attributed to the microchip[.]" Dkt. S-264-4 at 34. This is a form of apportionment. UII may attempt to rebut this theory at trial.

UII's other arguments for exclusion fare no better. Contrary to UII's assertions, Ms. Shenk does not directly apply the entire market value theory as an exception to apportionment. Even if she indirectly did, however, it is not entirely clear at this stage why the exception would not apply to the facts of this case or why

---

[1] *See Panduit Corp. v. Stahlin Bros. Fibre Works*, 575 F.2d 1152, 1164 (6th Cir. 1978); *Mentor Graphics Corp.*, 851 F.3d at 1285 (listing the Panduit factors as: "(1) demand for the patented product; (2) absence of acceptable non-infringing alternatives; (3) manufacturing and marketing capability to exploit the demand; and (4) the amount of profit it would have made").

[2] *See Georgia-Pacific Corp. v. United States Playwood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970).

4

Lexmark would not be able to establish the exception based on the current record and anticipated evidence. The argument here would be that the entire demand for UII's products was driven by the Lexmark patented features because said products would not work in Lexmark printers without them. Such an argument may be viable, and the Court will not exclude Ms. Shenk's opinions based on speculation. *See Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1336 (Fed. Cir. 2009) (fining that, "[f]or the entire market value rule to apply, the patentee must prove that the patent-related feature is the basis for consumer demand") (internal quotations and citations omitted). Finally, the Court notes that, at this point, it is not clear that Ms. Shenk failed to "take into account the differences between the two products being offered" or even that this distinction is truly material to damages. Dkt. 237 at 2. The facts of this case are unique.

## II. Lexmark's Motion

Lexmark moves to exclude the opinions of Marc Reid (UII's rebuttal damages expert) because his "opinions are nothing more than impermissible legal conclusions based on unsound methodology." Dkt. 238 at 1.

The Court will not exclude Mr. Reid's testimony, in limine, on these bases. First, if Mr. Reid attempts to usurp the province of the Court at trial by arguing that Ms. Shenk's opinions are legally insufficient, the Court will prohibit such testimony and properly instruct the jury to disregard Mr. Reid's opinions on such matters. As

it stands, Mr. Reid's expert report offers far more than mere legal opinion. His use of certain verbiage does not change this fact. Second, Lexmark offers no persuasive argument concerning why Mr. Reid's methodology is unsound. It is axiomatic that a defendant's rebuttal expert is tasked with rebutting the opinions of a plaintiff's expert. While this task can sometimes conflict with the role of courts, at this stage, it does not. The Court will address such a problem if and when it arises.

## CONCLUSION

Both Ms. Shenk and Mr. Reid are qualified to testify competently regarding the matters they intend to address. Their methodologies are also ostensibly sound and may assist the triers of fact. The Court will not preemptively exclude their opinions.

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

(1) Lexmark's *Daubert* Motion (Dkt. 238) is **DENIED**.

(2) UII's *Daubert* Motion (Dkt. 237) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, on December 14, 2023.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record